UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERNADETTE CECILIA ABRAHAM, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 11-10854-JLT |
| AMERICAN HOME MORTGAGE | * |
| SERVICING, INC., and | * |
| DEUTSCHE BANK NATIONAL TRUST | * |
| COMPANY, AS TRUSTEE FOR GSAMP | * |
| TRUST 2004-OPT, MORTGAGE | * |
| PASS-THROUGH CERTIFICATES, | * |
| SERIES 2004-OPT, | * |
| | * |
| Defendants. | * |

MEMORANDUM

September 27, 2012

TAURO, J.

I.   Introduction

Plaintiff Bernadette Cecilia Abraham ("Abraham") brings this suit against Defendants American Home Mortgage Servicing, Inc. ("AHMSI") and Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2004-OPT, Mortgage Pass-Through Certificates, Series 2004-OPT ("Deutsche Bank"). She alleges that Defendant AHMSI failed to evaluate her for a mortgage loan modification pursuant to the federal Home Affordable Modification Program ("HAMP") and that Defendant Deutsche Bank wrongfully initiated foreclosure proceedings on her home. Before this court are Defendants' Motion to Dismiss Plaintiff's Verified Complaint [#5] and Motion to Dismiss Plaintiff's First Amended Complaint [#10]. Defendants' Motion to

Dismiss Plaintiff's Verified Complaint [#5] is DENIED AS MOOT. For the reasons set forth below, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [#10] is ALLOWED IN PART and DENIED IN PART.

II.     Background

    A.     Factual Background[1]

Abraham purchased her home in Newton, Massachusetts in 2000.[2] In 2004, she refinanced her home with a $368,000 loan from Option One Mortgage Corporation ("Option One"). The loan was secured by a mortgage in favor of Option One recorded at the Middlesex (South) Registry of Deeds.[3]

Abraham subsequently fell behind on her mortgage payments.[4] She applied to AHMSI for a HAMP loan modification, most recently through her attorney on April 4, 2011.[5] But before AHMSI evaluated Abraham for a loan modification, it scheduled a foreclosure sale for April 22, 2011.[6] AHMSI refused to cancel the foreclosure sale upon receipt of Abraham's loan

---

[1] Because these issues arise in the context of Defendants' Motion to Dismiss, the court presents the facts as they are related in Plaintiff's First Amended Complaint [#9]. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008). The facts are construed in the light most favorable to Plaintiff. See Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

[2] Compl. ¶ 5 [#9].

[3] Compl. ¶ 6.

[4] Compl. ¶ 7.

[5] Compl. ¶¶ 9-10.

[6] Compl. ¶ 12.

modification application.[7]

Prior to the foreclosure sale, Abraham contacted Deutsche Bank, demanding that it provide proof that it had authority to enforce the note through foreclosure.[8] Deutsche Bank provided a copy of the original note, payable to Option One.[9] The note had no assignment or indorsement to Deutsche Bank or any other entity.[10] Abraham alleges that because Deutsche Bank could not show a valid transfer of the note, it did not have authority to enforce the note, and the attempted foreclosure was wrongful.[11]

As a result of Defendants' actions, Abraham has suffered severe emotional distress and mental anguish leading to a stroke.[12] She has also faced the threat of loss of her home, spent innumerable hours dealing with Defendants, and lost the economic benefit of loan modification.[13]

B.   Procedural Background

On April 20, 2011, Abraham filed her Verified Complaint in the Superior Court for Middlesex County and moved for a Temporary Restraining Order ("TRO") to prevent the foreclosure sale scheduled for April 22, 2011.[14] The court granted the TRO, and Defendants

---

[7] Compl. ¶ 53.

[8] Compl. ¶ 27.

[9] Compl. ¶ 28.

[10] Compl. ¶ 29.

[11] Compl. ¶ 38.

[12] Compl. ¶¶ 56, 60, 65, 71.

[13] Compl. ¶¶ 56, 60, 65, 71.

[14] See State Ct. R. 25, 39 [#3].

subsequently agreed to postpone rescheduling the foreclosure until resolution of litigation.[15]

Defendants removed the case to federal court on May 13, 2011. On June 30, 2011, they filed a Motion to Dismiss Plaintiff's Verified Complaint [#5]. Abraham thereafter filed an Amended Complaint [#9], and Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint [#10] on August 8, 2011.

On September 21, 2011, this court allowed Abraham's unopposed Motion to Stay proceedings pending the Massachusetts Supreme Judicial Court's ("SJC") resolution of Eaton v. Federal National Mortgage Ass'n, which considered the validity of a foreclosure sale where the foreclosing entity had possession of the mortgage but not the underlying promissory note.[16] The SJC issued its decision on June 22, 2012.[17] This court lifted the stay on July 18, 2012, and allowed supplemental briefing on the Eaton decision's effect on the issues raised here.

III.   Discussion

    A.   Legal Standard

To survive a motion to dismiss, "a complaint must allege 'a plausible entitlement to relief.'"[18] The court may consider only the facts alleged in the pleadings, documents attached as exhibits to the complaint, and matters of which judicial notice may be taken.[19] It must accept all

---

[15] See State Ct. R. 14, 21-22.

[16] See Mot. to Stay Pending a Decision by the SJC [#14].

[17] Eaton v. Fed. Nat'l Mortg. Ass'n, 462 Mass. 569, 969 N.E.2d 1118 (2012).

[18] Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).

[19] Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st. Cir. 2000).

factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.[20]

Although the court construes the facts in the light most favorable to the plaintiff, it need not accept the plaintiff's legal conclusions as true.[21] The complaint must present more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."[22]

B. Analysis

1. Deutsche Bank's Standing to Foreclose

In Count I of the complaint, Abraham alleges that Deutsche Bank did not have standing to foreclose on her home because it did not have the right to enforce Abraham's promissory note. She contends that, under Massachusetts law, a foreclosing mortgagee must possess both the mortgage and the promissory note. Because Deutsche Bank did not possess the note and could not properly receive an assignment of the note under the terms of the trust Pooling and Servicing Agreement, Deutsche Bank could not properly foreclose on her home.

Abraham's claim must fail. In Eaton v. Federal National Mortgage Ass'n,[23] the SJC concluded that the term "mortgagee" in Mass. Gen. Laws ch. 244, § 14, which authorizes foreclosure under the statutory power of sale, means "a mortgagee who also holds the underlying mortgage note."[24] But, recognizing "that lawyers and others who certify or render opinions

---

[20] Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).

[21] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

[22] Id.

[23] 462 Mass. 569, 969 N.E.2d 1118 (2012).

[24] Id. at 584, 969 N.E.2d at 1129.

concerning real property titles have followed in good faith a different interpretation of the relevant statutes, viz., one that requires the mortgagee to hold only the mortgage, and not the note,"[25] the court exercised its discretion to apply its interpretation prospectively only.[26]  Any foreclosing entity giving mandatory notice of sale after the date of the court's opinion, June 22, 2012, must possess both the mortgage and the promissory note.[27]

Deutsche Bank initiated foreclosure proceedings against Abraham in mid-2011, more than a year before the Eaton decision.  It did not need the note to have standing to foreclose.[28]  And because possession of the note was irrelevant, the court does not address Abraham's argument that the note was improperly transferred under the Pooling and Servicing Agreement.  The Motion to Dismiss is ALLOWED as to Count I.

    2.    Negligence

Abraham alleges in Count II that Defendant AHMSI breached a duty of care owed to her

---

[25] Id. at 588, 969 N.E.2d at 1132.

[26] Id. at 588-89, 969 N.E.2d at 1133.

[27] Id.  In McKenna v. Wells Fargo Bank, this court interpreted Mass. Gen. Laws ch. 244 § 14 as requiring a foreclosing mortgagee to possess only the mortgage.  McKenna v. Wells Fargo Bank, No. 10-10417-JLT, 2011 WL 1100160, at *2 (D. Mass. Mar. 21, 2011), aff'd, No. 11-1650, 2012 WL 3553475, at *6 (1st Cir. Aug. 16, 2012).  "Eaton, of course, is binding upon us, including its decision to make the new mortgagor-protective rule apply only prospectively."  McKenna v. Wells Fargo Bank, No. 11-1650, 2012 WL 3553475, at *6 (1st Cir. Aug. 16, 2012).

[28] McKenna, 2012 WL 3553475, at *6; Serra, II v. Quantum Servicing Corp., No. 11-11843-DPW, 2012 WL 3548037, at *7 (D. Mass. Aug. 15, 2012); Butler v. Deutsche Bank Trust Co. Ams., No. 12-10337-DPW, 2012 WL 3518560, at *5 (D. Mass. Aug. 14, 2012); Woods v. Wells Fargo Bank, No. 11-cv-30216-MAP, 2012 WL 2577580, at *2 (D. Mass. July 3, 2012).  The court notes that Abraham's Am. Compl. does not allege that Deutsche Bank did not possess the mortgage.  See U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 652-53, 941 N.E.2d 40, 53-54 (2011).

by scheduling the home foreclosure before evaluating her for a mortgage loan modification pursuant to the HAMP guidelines. HAMP arose out of the Emergency Economic Stabilization Act of 2008.[29] Pursuant to the Act, many mortgage servicers entered into Servicer Participation Agreements that required the servicers to comply with Treasury Department guidelines for evaluating and approving loan modification requests.[30] AHMSI does not dispute that it participated in the HAMP loan modification program but argues instead that a loan servicer does not owe a borrower any duty of care.[31]

To state a claim of negligence under Massachusetts law, a plaintiff must allege that 1) the defendant owed the plaintiff a duty of reasonable care; 2) the defendant breached that duty; 3) damage resulted; and 4) the breach was the legal and factual cause of the damage.[32] The existence of a duty is a question of law.[33] "As a general principle of tort law, every actor has a duty to exercise reasonable care to avoid physical harm to others."[34]

Courts in this district have disagreed on whether a violation of the HAMP guidelines can support a common law negligence claim.[35] There is general agreement that HAMP does not

---

[29] See Cruz v. Hacienda Assocs., LLC, 446 B.R. 1, 3 (Bankr. D. Mass. 2011).

[30] Id.

[31] Def.'s Mem. of Law in Supp. of the Mot. to Dismiss 18 [# 11].

[32] Jorgensen v. Mass. Port Auth., 905 F.2d 515, 522 (1st Cir. 1990); Jupin v. Kask, 447 Mass. 141, 146, 849 N.E.2d 829, 834-35 (2006).

[33] Jupin, 447 Mass. at 146, 849 N.E.2d at 835.

[34] Remy v. MacDonald, 440 Mass. 675, 677, 801 N.E.2d 260, 263 (2004); see also Jupin, 447 Mass. at 147, 849 N.E.2d at 835.

[35] McBride v. Am. Home Mortg. Servicing, Inc., No. 11-10998-RWZ, 2012 WL 931247, at *3 (D. Mass. Mar. 19, 2012) (determining that HAMP did not create a duty of care); Brown v.

create a private right of action.[36] Under Massachusetts law, however, a negligence claim based on a statutory violation can survive even where there is no private right of action under the statute.[37] "Although violations of a statute or regulations do not constitute negligence per se, they may provide evidence of negligence."[38]

This court concludes that Abraham has pled sufficient facts to survive Defendants' motion to dismiss this count. Defendant AHMSI agreed to abide by the HAMP guidelines, which required loan modification evaluation prior to scheduling foreclosure sales.[39] AHMSI thus had an obligation to proceed reasonably so as to avoid harm to Abraham, a member of the class of individuals for whose benefit HAMP was enacted.[40] Abraham's allegations that AHMSI violated the HAMP guidelines provide some evidence that AHMSI breached this obligation.

Accordingly, Defendants' Motion to Dismiss is DENIED as to Count II.

### 3. Breach of Fiduciary Duty

---

Bank of Am. Corp., No. 10-11085, at *4 (D. Mass. Mar. 31, 2011) ("[W]hile violation of a regulation such as HAMP may provide evidence of a breach of a duty *otherwise owed*, it does not create such a duty in the first place."); Speleos v. BAC Home Loans Servicing, L.P., 755 F. Supp. 2d 304, 311 (D. Mass. 2010) (finding that evidence of a HAMP guideline violation could provide evidence of a breach of duty); Corcoran v. Saxon Mortg. Servs., Inc., No. 09-11468-NMG, 2010 WL 2106179, at *4 (D. Mass. May 24, 2010) ("[A] lender owes no general duty of care to a borrower."); In re Lacey, No. 10-19903-JNF, 2012 WL 2872050, at *42 (Bankr. D. Mass. July 12, 2012) (collecting cases and allowing HAMP guidelines violation to serve as evidence of negligence).

[36] Speleos, 755 F. Supp. 2d at 311.

[37] Id. (citing Practico v. Portland Terminal Co., 783 F.2d 255, 265 (1st Cir. 1985)).

[38] Berish v. Bornstein, 437 Mass. 252, 273, 770 N.E.2d 961, 979 (2002).

[39] Compl. ¶¶ 45-46 [#9].

[40] See Speleos, 755 F. Supp. 2d at 311.

Count III of the Complaint alleges that Defendant AHMSI breached its fiduciary duty to Abraham by scheduling a foreclosure prior to evaluating her for loan modification. "[U]nder Massachusetts law, the relationship between a lender and borrower, without more, does not establish a fiduciary relationship. A fiduciary relationship may arise in this context where the borrower reposes its trust and confidence in the lender and the lender knows of and accepts the borrower's trust."[41] Abraham has not alleged any facts that would support an inference that AHMSI knew of or accepted Abraham's trust and confidence.

Defendants' Motion to Dismiss Count III is ALLOWED.

### 4. Wrongful Foreclosure

Abraham alleges that Deutsche Bank initiated a wrongful foreclosure because it was not entitled to foreclose on Abraham's home. As discussed earlier, Deutsche Bank did have standing to foreclose. The initiated proceedings were not wrongful or unlawful, and Defendants' Motion to Dismiss Count IV is ALLOWED.

### 5. Chapter 93A

Abraham alleges that both Deutsche Bank and AHMSI engaged in unfair and deceptive acts that are actionable under Mass. Gen. Laws ch. 93A. Abraham claims that Deutsche Bank's attempted wrongful foreclosure constitutes an unfair act. She further claims that AHMSI's failure to evaluate her for a loan modification before scheduling a foreclosure was both unfair and deceptive.

Chapter 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or

---

[41] FAMM Steel, Inc. v. Sovereign Bank, 571 F.3d 93, 102 (1st Cir. 2009) (internal citations omitted).

9

commerce."[42] While a violation of the HAMP guidelines does not *per se* constitute a Chapter 93A violation, such a violation can support recovery under Chapter 93A if it independently qualifies as an unfair or deceptive act.[43] To state a claim of deception or unfairness under Chapter 93A "requires a showing of conduct that 1) falls within 'the penumbra of some common-law, statutory, or other established concept of unfairness;' 2) is 'immoral, unethical, oppressive, or unscrupulous;' and 3) causes 'substantial injury to [consumers or other businesspersons].'"[44] But the plaintiff must plausibly allege unfairness or deception.[45] "The few Chapter 93A claims that have survived motions to dismiss have alleged a pattern of misrepresentations, failure to correct detrimental errors, and/or dilatory conduct on the part of the servicer and/or bank that the courts have found could amount to unfair or deceptive practices."[46]

Because Deutsche Bank was entitled to foreclose on Abraham's home, its conduct cannot subject it to liability under Chapter 93A. Abraham's claim against AHMSI also fails. Abraham has alleged nothing more than AHMSI's failure to immediately cancel the foreclosure sale upon receiving her loan modification application. Such a technical violation of HAMP fails to plausibly allege the kind of conduct that would support a claim of unfairness or deception under Chapter

---

[42] Mass. Gen. Laws ch. 93A § 2.

[43] See Morris v. BAC Home Loans Servicing, L.P., 775 F. Supp. 2d 255, 262 (D. Mass. 2011).

[44] FAMM Steel, Inc., 571 F.3d at 107 (quoting Jasty v. Wright Med. Tech., Inc., 528 F.3d 28, 37 (1st Cir. 2008)).

[45] Morris, 775 F. Supp. 2d at 262.

[46] Okoye v. Bank of N.Y. Mellon, No. 10-11563-DPW, 2011 WL 3269686, at *9 (D. Mass. July 28, 2011).

93A.[47]

Defendants' Motion to Dismiss as to Count V is ALLOWED.

IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [#10] is ALLOWED as to Counts I, III, IV, and V and DENIED as to Count II. Defendants' Motion to Dismiss Plaintiff's Verified Complaint [#5] is DENIED AS MOOT.

AN ORDER HAS ISSUED.

   /s/ Joseph L. Tauro
United States District Judge

---

[47] See McBride v. Am. Home Mortg. Servicing, Inc., No. 11-10998-RWZ, 2012 WL 931247 (D. Mass. Mar. 19, 2012); Marley v. Bank of Am., No. 10-10885-GAO, 2012 WL 847374, at *4 (D. Mass. Mar. 13, 2012); Morris, 775 F. Supp. 2d at 263.