**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BERNADETTE CECILIA ABRAHAM,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAMP TRUST 2004-OPT, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-OPT,<br><br>Defendants. | CIVIL ACTION NO: 11-10854 |

## DEFENDANT, HOMEWARD RESIDENTIAL, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

Defendant, Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc. ("Homeward") responds to the First Amended Complaint and Jury Trial Demand ("Complaint") filed by Plaintiff as follows:

### SUMMARY

1.  Homeward states that the summary paragraph does not contain factual allegations to which a response is required. If a response is deemed necessary, Homeward denies that it did not adequately respond to the Plaintiff's loan modification applications, denies that it scheduled a foreclosure sale of Plaintiff's home in violation of the HAMP guidelines and denies that Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2004-OPT, Mortgage Pass-Through Certificates, Series 2004-OPT was required to provide evidence that it was the holder of the Plaintiff's note prior to the foreclosure sale scheduled for April 22, 2011. In further answering, the fourth sentence of the summary paragraph is a statement of law to which no response is required. To the extent the fourth sentence is deemed to contain factual allegations

34275775  0923991

and a response is necessary, Homeward denies the allegations contained in the fourth sentence of the summary paragraph. Finally, Homeward is without sufficient information or knowledge to admit or deny the remaining allegations contained in the summary paragraph.

## PARTIES

2. Homeward is without sufficient information or knowledge to admit or deny the allegations in paragraph 2.

3. Admitted.

4. Admitted.

## BACKGROUND

5. Homeward is without sufficient information or knowledge to admit or deny the allegations in paragraph 5.

6. Homeward admits that Plaintiff obtained a loan for $368,000.00 from Option One Mortgage Corporation secured by a mortgage recorded at the Middlesex County (Southern District) Registry of Deeds at Book 43761, Page 400. Homeward is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 6.

7. Admitted.

8. Homeward is without sufficient information or knowledge to admit or deny the allegations in paragraph 8.

9. Homeward admits that it has received certain loan modification documents from Plaintiff during the last two years. Homeward is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 9.

10. Denied.

11. Denied.

34275775 0923991

12. Homeward admits that a foreclosure sale was scheduled for April 22, 2011. Homeward is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 12.

13. Denied.

14. Denied.

15. This Paragraph is a statement of law to which no response is required. To the extent an answer is required, Homeward denies the allegations contained in Paragraph 15.

## COUNT I

**Declaratory Judgment that Deutsche Bank as Trustee Does Not Have Standing to Foreclose (Deutsche Bank as Trustee)**

16. Homeward repeats and realleges all preceding paragraphs as though fully set forth herein.

17. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II, Homeward denies the allegations contained in Paragraph 17.

18. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. Furthermore, Paragraph 18 is a statement of law to which no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II and is deemed to contain factual allegations, Homeward denies the allegations contained in Paragraph 18.

19. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. Furthermore, Paragraph 19 is a statement of law to which no response is required. To the extent a response is deemed

34275775 0923991

necessary because the allegations are incorporated into Count II and is deemed to contain factual allegations, Homeward denies the allegations contained in Paragraph 19.

20. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. Furthermore, Paragraph 20 is a statement of law to which no response is required.  To the extent a response is deemed necessary because the allegations are incorporated into Count II and is deemed to contain factual allegations, Homeward denies the allegations contained in Paragraph 20.

21. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. Furthermore, Paragraph 21 is a statement of law to which no response is required.  To the extent a response is deemed necessary because the allegations are incorporated into Count II and is deemed to contain factual allegations, Homeward denies the allegations contained in Paragraph 21.

22. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. Furthermore, Paragraph 22 is a statement of law to which no response is required.  To the extent a response is deemed necessary because the allegations are incorporated into Count II and is deemed to contain factual allegations, Homeward denies the allegations contained in Paragraph 22.

23. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. Furthermore, Paragraph 23 is a statement of law to which no response is required.  To the extent a response is deemed necessary because the allegations are incorporated into Count II and is deemed to contain factual allegations, Homeward denies the allegations contained in Paragraph 23.

34275775 0923991

24. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II, Homeward denies the allegations contained in Paragraph 24.

25. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. Furthermore, Paragraph 25 is a statement of law to which no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II and is deemed to contain factual allegations, Homeward denies the allegations contained in Paragraph 25.

26. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. Furthermore, Paragraph 26 is a statement of law to which no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II and is deemed to contain factual allegations, Homeward denies the allegations contained in Paragraph 26.

27. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II, the request for proof, being a written document, speaks for itself, and Homeward denies all allegations contained in this paragraph that are inconsistent with the document.

28. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II, Homeward admits that it provided a copy of the mortgage note. In further answering, the mortgage note, being a

34275775 0923991

written documents, speaks for itself, and Homeward denies all allegations contained in this paragraph that are inconsistent with the document.

29. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II, Homeward denies the allegations contained in Paragraph 29.

30. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II, Homeward denies the allegations contained in Paragraph 30.

31. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II, Homeward denies the allegations contained in Paragraph 31.

32. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II, Homeward admits that a copy of the PSA is publicly available.

33. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II, the PSA, being a written document, speaks for itself, and Homeward denies all allegations contained in this paragraph that are inconsistent with the document.

6

34275775 0923991

34. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. Furthermore, Paragraph 34 is a statement of law to which no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II and is deemed to contain factual allegations, Homeward denies the allegations contained in Paragraph 34.

35. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. Furthermore, Paragraph 35 is a statement of law to which no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II and is deemed to contain factual allegations, Homeward denies the allegations contained in Paragraph 35.

36. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. Furthermore, Paragraph 36 is a statement of law to which no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II and is deemed to contain factual allegations, Homeward denies the allegations contained in Paragraph 36.

37. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II, Homeward denies the allegations contained in Paragraph 37.

38. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II, Homeward denies the allegations contained in Paragraph 38.

34275775 0923991

34. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. Furthermore, Paragraph 34 is a statement of law to which no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II and is deemed to contain factual allegations, Homeward denies the allegations contained in Paragraph 34.

35. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. Furthermore, Paragraph 35 is a statement of law to which no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II and is deemed to contain factual allegations, Homeward denies the allegations contained in Paragraph 35.

36. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. Furthermore, Paragraph 36 is a statement of law to which no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II and is deemed to contain factual allegations, Homeward denies the allegations contained in Paragraph 36.

37. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II, Homeward denies the allegations contained in Paragraph 37.

38. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count I of the Plaintiff's Complaint is dismissed such that no response is required. To the extent a response is deemed necessary because the allegations are incorporated into Count II, Homeward denies the allegations contained in Paragraph 38.

34275775  0923991

## COUNT II

### Negligence (Homeward)

39. Homeward repeats and realleges all preceding paragraphs as though fully set forth herein.

40. This Paragraph states a legal conclusion to which no response is required. To the extent an answer is required, Homeward denies the allegations contained in Paragraph 40.

41. This Paragraph states a legal conclusion to which no response is required. To the extent an answer is required, Homeward denies the allegations contained in Paragraph 41.

42. Denied.

43. Homeward's contract with the U.S. Department of Treasury, being a written document, speaks for itself, and Homeward denies all allegations contained in this paragraph that are inconsistent with the document.

44. Homeward's contract with the U.S. Department of Treasury, being a written document, speaks for itself, and Homeward denies all allegations contained in this paragraph that are inconsistent with the document.

45. The HAMP program guidelines, being a written instrument, speaks for itself, and Homeward denies all allegations contained in this paragraph that are inconsistent with the document.

46. The HAMP program guidelines, being a written instrument, speaks for itself, and Homeward denies all allegations contained in this paragraph that are inconsistent with the document.

47. Denied.

48. Admitted.

49. Admitted.

34275775 0923991

50. Admitted.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## COUNT III

### Breach of Fiduciary Duty (Homeward)

57. Homeward repeats and realleges all preceding paragraphs as though fully set forth herein.

58. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count III of the Plaintiff's Complaint is dismissed such that no response is required.

59. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count III of the Plaintiff's Complaint is dismissed such that no response is required.

60. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count III of the Plaintiff's Complaint is dismissed such that no response is required.

## COUNT IV

### Wrongful Foreclosure (Deutsche Bank as Trustee)

61. Homeward repeats and realleges all preceding paragraphs as though fully set forth herein.

62. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count IV of the Plaintiff's Complaint is dismissed such that no response is required.

34275775 0923991

63. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count IV of the Plaintiff's Complaint is dismissed such that no response is required.

64. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count IV of the Plaintiff's Complaint is dismissed such that no response is required.

65. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count IV of the Plaintiff's Complaint is dismissed such that no response is required.

## COUNT V

### Chapter 93A (Homeward and Deutsche Bank as Trustee)

66. Homeward repeats and realleges all preceding paragraphs as though fully set forth herein.

67. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count V of the Plaintiff's Complaint is dismissed such that no response is required.

68. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count V of the Plaintiff's Complaint is dismissed such that no response is required.

69. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count V of the Plaintiff's Complaint is dismissed such that no response is required.

70. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count V of the Plaintiff's Complaint is dismissed such that no response is required.

71. Pursuant to the Court's September 27, 2012 Memorandum and Order, Count V of the Plaintiff's Complaint is dismissed such that no response is required.

## **AFFIRMATIVE DEFENSES**

Upon information and belief and subject to further investigation and discovery, Homeward alleges the following defenses without asserting the burden of proof where such burden is otherwise on the Plaintiff:

34275775 0923991

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

If the Plaintiff suffered any injuries or damages as alleged, such injuries or damages were caused by attributable in whole or in part to the Plaintiff's own negligent acts or omissions.

## THIRD AFFIRMATIVE DEFENSE

All or some of the Plaintiff's allegations are barred by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, *in pari delicto* and laches.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to satisfy her obligations under the Mortgage and promissory note, which failure to perform was not excused, and, accordingly, all or some of her claims are barred.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims against Homeward are barred because they arise out of acts or omissions of third-parties not under the control of Homeward.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because she has not pled, or suffered, any damages, which is a prerequisite for recovery under her theories of liability.

34275775 0923991

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiff failed to mitigate her alleged damages.

WHEREFORE, Defendant, Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc., respectfully requests that this Honorable Court dismiss Plaintiff's First Amended Complaint and Jury Demand, awards their attorneys' fees, costs and expenses in this action and award Homeward such further relief as is just and proper.

|  |  |
|---|---|
|  | The Defendant,<br>**Homeward Residential, Inc. f/k/a American Home Mortgage Servicing, Inc.,**<br>By Their Attorneys, |
|  | */s/ Jennifer S. Bunce*<br>Maura K. McKelvey, BBO #600760<br>Ranen Schechner, BBO # 655641<br>Jennifer S. Bunce, BBO # 663348<br>Hinshaw & Culbertson LLP<br>28 State Street, 24th Floor<br>Boston, MA 02109 |
| Dated:   October 11, 2012 | Tel: (6170 213-7000 / Fax: (617) 213-7001 |

**CERTIFICATE OF SERVICE**

I, Jennifer S. Bunce, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 11, 2012.

*/s/ Jennifer S. Bunce*
Jennifer S. Bunce

34275775 0923991